| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

DEBRA A. BONANNO,

    Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

No. 11-CV-227-JPH

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR 42 U.S.C. § 405(g)

BEFORE THE COURT are cross-Motions for Summary Judgment. (Ct. Rec.14, 16.) Attorney Maureen J. Rosette represents plaintiff; Special Assistant United States Attorney Alexess D. Rea represents defendant. The parties have consented to proceed before a magistrate judge. (Ct. Rec. 8.) After reviewing the administrative record and briefs filed by the parties, the court **GRANTS** plaintiff's Motion for Summary Judgment and **DENIES** defendant's Motion for Summary Judgment.

**JURISDICTION**

Plaintiff Debra A. Bonanno (plaintiff) filed for supplemental security income (SSI) and disability insurance benefits (DIB) on November 10, 2008. (Tr. 154, 157, 190.) Plaintiff alleged an onset date of February 13, 2003. (Tr. 154, 157.) Benefits were denied initially and on reconsideration. (Tr. 106, 109, 114, 117.) Plaintiff requested a hearing before an administrative law judge (ALJ), which was held before ALJ James W. Sherry on April 9, 2010. (Tr. 57-95.) Plaintiff was represented by counsel and testified at the hearing. (Tr.60-84.) Vocational expert Daniel R. McKinney also testified. (Tr. 85-93.) The ALJ denied benefits (Tr. 14-24.) and the Appeals Council denied review. (Tr. 1.) The matter is now before this

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -1

court pursuant to 42 U.S.C. § 405(g).

**STATEMENT OF FACTS**

The facts of the case are set forth in the administrative hearing transcripts, the ALJ's decision, and the briefs of plaintiff and the Commissioner, and will therefore only be summarized here.

Plaintiff was 53 years old at the time of the hearing. (Tr. 61.) She has a high school education and one year of college. (Tr. 62.) She also had a medical assistant certificate, although she never had a job as a medical assistant. (Tr. 62.) She has work experience in a school kitchen, at a bank sorting checks and other papers, and housekeeping at a medical care center. (Tr. 64-67.) Plaintiff testified she left her last job because she had really bad depression and anxiety and she was not able to sleep. (Tr. 68.) In 2004, plaintiff broke her right ankle and had surgery. (Tr. 68-69.) She still has swelling and pain in her ankle. (Tr. 69.) She also has pain and swelling in her right knee. (Tr. 69-70.) She has problems going to sleep and getting enough sleep. (Tr. 70.) She has stiffness in all her joints and her lower back bothers her. (Tr. 70-71.) Plaintiff has restless leg syndrome, chest pain and acid-reflux. (Tr. 71-73.) She has trouble breathing and gets pneumonia frequently . (Tr. 73.) She experiences panic attacks, has difficulty concentrating and is forgetful. (Tr. 82-83.) Plaintiff testified she does not do well in social settings because she thinks everyone hates her. (Tr. 84.)

**STANDARD OF REVIEW**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler,* 760 F. 2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F. 3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan,* 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services,* 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch

inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze,* 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Services,* 839 F.2d 432, 433 (9th Cir. 1988). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

**SEQUENTIAL PROCESS**

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423 (d)(1)(A), 1382c (a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if his impairments are of such severity that plaintiff is not only unable to do his previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if he or she is engaged in substantial gainful activities. If the claimant is engaged in substantial gainful activities, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).

If the claimant is not engaged in substantial gainful activities, the decision maker proceeds to step

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -3

two and determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work he or she has performed in the past. If plaintiff is able to perform his or her previous work, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity ("RFC") assessment is considered.

If the claimant cannot perform this work, the fifth and final step in the process determines whether the claimant is able to perform other work in the national economy in view of his or her residual functional capacity and age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a physical or mental impairment prevents him from engaging in his or her previous occupation. The burden then shifts, at step five, to the Commissioner to show that (1) the claimant can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## ALJ'S FINDINGS

At step one of the sequential evaluation process, the ALJ found plaintiff has not engaged in substantial gainful activity since February 13, 2003, the alleged onset date. (Tr. 16.) At step two, the ALJ found plaintiff has the following medically determinable impairments: degenerative arthritis of the right

ankle, status post right ankle fracture and internal fixation; left wrist tendinitis; GERD; hyperlipidemia; hypertension; obesity; obstructive sleep apnea; right knee degenerative changes; major depressive disorder; generalized anxiety disorder; and undifferentiated somatoform disorder. (Tr. 16.) At step three, the ALJ found plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. (Tr.18.) The ALJ then determined:

> [T]he claimant has the residual functional capacity to lift and/or carry no more than 20 pounds occasionally and 10 pounds frequently, stand and/or walk about six hours in an eight hour workday, sit about six hours in an eight hour workday, and perform unlimited pushing and pulling within the lifting restrictions. The claimant can perform simple, routine, and repetitive tasks, as well as some well learned detailed tasks. The claimant can maintain concentration for two hour segments for simple tasks without more than normally expected brief interruptions. The claimant can engage in superficial interaction with the general public and occasional interaction with co-workers and supervisors, and she would work best in an environment where interactions with supervisors and co-workers are positive and goal-oriented.

(Tr. 20.) At step four, the ALJ determined plaintiff is capable of performing past relevant work. (Tr. 23.) Thus, the ALJ concluded plaintiff has not been under a disability as defined in the Social Security Act since February 13, 2003 through the date of the decision. (Tr. 24.)

**ISSUES**

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Specifically, plaintiff asserts the ALJ erred in considering the medical and psychological evidence. (ECF No. 15 at 10-20.) Defendant argues the ALJ's decision is rational and supported by substantial evidence. (ECF No. 17 at 15-25.)

**DISCUSSION**

Plaintiff argues the ALJ failed to properly consider the medical and psychological opinion evidence. (ECF no. 15 at 10-20.) In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons that are supported

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -5

by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995). Historically, the courts have recognized conflicting medical evidence, the absence of regular medical treatment during the alleged period of disability, and the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain as specific, legitimate reasons for disregarding a treating or examining physician's opinion. *Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995); *Fair*, 885 F.2d at 604.

If a treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). However, if contradicted, the ALJ may reject the opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1453, 1463 (9th Cir. 1995) (citing *Magallanes v. Bowen*, 881 F.2d 747, 753 (9th Cir. 1989); *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989).

**1.     Psychological Opinions**

   **a.     Dr. Dalley**

Plaintiff argues the ALJ did not properly consider or reject the opinion of Dr. Dalley. (ECF No. 15 at 14-15.) Dr. Dalley examined plaintiff in April 2007, April 2008 and March 2009. He prepared a psychological evaluation report and completed a DSHS Psychological/Psychiatric Evaluation form for each examination. (Tr. 324-41, 423-31.) In April 2007, Dr. Dalley diagnosed major depressive disorder, recurrent, moderate; generalized anxiety disorder; and undifferentiated somatoform disorder (Tr. 325, 331), while in April 2008 and March 2009 he diagnosed major depressive disorder, recurrent, moderate; and generalized anxiety disorder. (Tr. 334, 340, 424, 430.) In 2007, Dr. Dalley assessed one moderate cognitive limitation in the ability to exercise judgment and make decisions and two moderate and three marked social limitations. (Tr. 326.) In 2008, Dr. Dalley assessed no cognitive limitations but two moderate and three marked social limitations. (Tr. 335.) In 2009, Dr. Dalley assessed one mild cognitive limitations and two moderate and three marked social limitations. (Tr. 425.) Dr. Dalley opined, "Features of these [diagnoses] will likely affect her ability to tolerate the social pressures and expectations of a normal work environment." (Tr. 332.) Similarly, Dr. Dalley stated, "At this time, her current depressive and anxiety symptoms are likely to interfere with her ability to function in a normal employment

position." (Tr. 430.)

The ALJ considered and gave little weight to Dr. Dalley's opinion. (Tr. 22.) The ALJ gave two reasons for rejecting the opinion: (1) the opinion is not consistent with the benign findings noted in mental status examinations; and (2) the opinion is undermined by plaintiff's scores on the MMPI and PAI which suggest over reporting of symptoms. (Tr. 22.) The ALJ is correct that the results of the mini-mental status exams showed plaintiff has average mental control and an average fund of general information as well as the ability to think abstractly. (Tr. 329, 338, 428.) However, the ALJ's reasoning overlooks the fact that most of the limitations assessed by Dr. Dalley involve social functioning rather than cognitive functioning. The mini mental status exam tests mental control, fund of information, and the ability to think abstractly, but does not address social functioning. Thus, Dr. Dalley's findings on the mental status exams are largely consistent with his 2008 and 2009 findings of no or mild cognitive limitations.

Similarly, the ALJ's consideration of Dr. Dalley's findings regarding the results of the MMPI-2 and the PAI is flawed. In 2007, Dr. Dalley found plaintiff's MMPI-2 results invalid and indicative of over reporting of symptoms of psychopathology. (Tr. 300.) However, Dr. Dalley opined the MMPI-2 profile is more consistent with "plea for help" type of profile than that of an overt attempt to malinger. (Tr. 330.) Similarly, the PAI score had an elevated "Negative Impression" score consistent with a plea for help rather than malingering, while the somatic complaints, depression and anxiety scores were "all consistent with her presenting problems and previous history." (Tr. 331.) In 2008, plaintiff's MMPI-2 score was valid and consistent with scores of individuals who are depressed, worried, agitated and tense and who are likely to have difficulty thinking and concentrating. (Tr. 339.) In 2009, plaintiff's MMPI-2 results were again invalid, but Dr. Dalley indicated he believed the scores to suggest a "plea for help" rather than an attempt to "fake bad" for secondary gain due to the results of the MACE, a memory malingering test which indicated plaintiff was not malingering memory problems. (Tr. 429.) An ALJ must not substitute his medical judgment for a doctor's. *Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990).[1] Dr. Dalley's

---

[1]It is well-settled that "the ALJ cannot arbitrarily substitute his own judgment for competent medical opinion.... [W]hile an [ALJ] is free to resolve issues of credibility as to lay testimony or to choose between properly submitted medical opinions, he is not free to set his own expertise against that

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -7

explanation of test results suggesting over reporting of systems was not mentioned by the ALJ and reflects Dr. Dalley's professional judgment. The ALJ is not at liberty to reject Dr. Dalley's interpretation of the test results in favor of the ALJ's own interpretation without substantial evidence supporting that interpretation. The ALJ's conclusion regarding the evidence of exaggeration is not supported by substantial evidence and the ALJ erred. Because the ALJ's two reasons for rejecting Dr. Dalley's opinion are flawed, the ALJ did not provide legally sufficient specific, legitimate reasons supported by substantial evidence. Therefore, the ALJ's rejection of Dr. Dalley's opinion is based on error.

### b.  Dr. Rosekrans

Plaintiff argues the ALJ gave no reasons for rejecting Dr. Rosekrans' opinion. (ECF no. 15 at 17.) Dr. Rosekrans evaluated plaintiff in July 2005 and prepared a psychological evaluation report. (Tr. 261-65.) Dr. Rosekrans diagnosed adjustment disorder with mixed anxiety and depressed mood and assessed a GAF of 45,[2] noting, "Major impairment in several areas of functioning." (Tr. 265.) The ALJ acknowledged Dr. Rosekrans' findings and cited plaintiff's reported symptoms and Dr. Rosekrans' exam findings. (Tr. 17-18.) However, the ALJ did not assign weight to or specifically accept or reject the

---

of a physician who [submitted an opinion to or] testified before him." *McBrayer v. Secretary of Health and Human Servs.,* 712 F.2d 795, 799 (2d Cir.1983); s*ee also Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir.1975); *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir.1999) (As a lay person, an ALJ is "not at liberty to ignore medical evidence or substitute his own views for uncontroverted medical opinion"; he is "simply not qualified to interpret raw medical data in functional terms."); *Balsamo v. Chater*, 142 F.3d 75, 81 (2d Cir.1998) (" '[T]he ALJ cannot arbitrarily substitute his own judgment for competent medical opinion ....' " (citations omitted)); *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir.1996) (ALJ "must not succumb to the temptation to play doctor and make [his] own independent medical findings."); *Ferguson v. Schweiker*, 765 F.2d 31, 37 (3d Cir.1985) (ALJ may not substitute his interpretation of laboratory reports for that of physician).

[2]A GAF score of 41-50 indicates serious symptoms or any serious impairment in social, occupation, or school functioning. DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS, 4TH Ed. at 32.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -8

opinion. The ALJ need not discuss all evidence presented, but must explain why significant probative evidence has been rejected. *Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984). Defendant argues Dr. Rosekrans did not opine as to plaintiff's specific functional limitations, and that plaintiff's argument relies upon his diagnoses and assessment of GAF score. (ECF No. 17 at 23.) However, Dr. Rosecrans stated, "She has the lethargy typical of severe depression," "She is depressed and anxious," and "Major impairment in several areas of functioning." (Tr. 265.) These statements are suggestive of possible functional limitations and could reasonably be construed as supporting the findings of Dr. Dalley. However, because the ALJ did not adequately address Dr. Rosekrans' report, it is not clear whether he intended to assign weight to the opinion or to reject the opinion. As a result, the ALJ erred.

      **c.**    **Dr. Arnold**

Plaintiff argues the ALJ failed to set forth specific, legitimate reasons supported by substantial evidence for rejecting Dr. Arnold's opinion. (ECF no. 15 at 16.) Dr. Arnold examined plaintiff and completed a DSHS Psychological/Psychiatric Evaluation form. (Tr. 461-66.) He diagnosed major depression, recurrent, moderate; and generalized anxiety. (Tr. 463.) Dr. Arnold assessed three marked and two moderate cognitive limitations and one marked and three moderate social limitations. (Tr. 464.) The results of the Rey 15-items test were not within normal limits, suggesting plaintiff was not trying as hard as she could have. (Tr. 466.) Her PAI profile was invalid, which Dr. Arnold opined was suggestive of a "plea for help." (Tr. 466.)

The ALJ gave little weight to Dr. Arnold's opinion. (Tr. 23.) The ALJ's first reason for rejecting Dr. Arnold's opinion is Dr. Arnold did not have the opportunity to review records relevant to plaintiff's status and level of functioning. (Tr. 23.) Under the "Summary of records reviewed" section of the DSHS form, Dr. Arnold wrote the names of the tests he administered but did not list any other medical or psychological records. (Tr. 461.) The court finds no authority suggesting an examining physician's opinion is entitled to little or no weight because records are not available for the examiner's review, and none is cited by defendant. Furthermore, Dr. Arnold's conclusions are similar to Dr. Dalley's conclusions, even though there was no review of other psychological records. Dr. Arnold interpreted the invalid PAI results similar to Dr. Dalley and arrived at similar diagnoses. (Tr. 461.) As such, it is not clear how Dr. Arnold's findings are less reliable or less accurate because he did not review other psychological

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -9

evidence. This is not a legitimate reason for rejecting Dr. Arnold's opinion.

The second reason mentioned by the ALJ is that Dr. Arnold's opinion was based largely on plaintiff's self-report while trying to qualify for public assistance benefits. (Tr. 23.) A physician's opinion may be rejected if it is based on a claimant's subjective complaints which were properly discounted. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001); *Fair*, 885 F.2d at 604. In this case, the ALJ made a credibility determination supported by clear and convincing reasons and substantial evidence, and plaintiff has not challenged that determination. However, Dr. Arnold noted he conducted objective testing including the PAI, the BDI-II, the Rey 15-item test and a mental status exam. (Tr. 461.) While Dr. Arnold did not discuss the results of each test in detail, his comments make clear he relied on more than just plaintiff's self-report in making his assessment.

The third reason mentioned by the ALJ in rejecting Dr. Arnold's conclusions is that psychological test results indicated plaintiff was prone to exaggerating her symptoms. (Tr. 23.) However, similar to Dr. Dalley, Dr. Arnold interpreted the exaggeration of symptoms as a "plea for help" rather than evidence of malingering. (Tr. 466.) There is no basis in the record for the ALJ to conclude this evidence constitutes malingering or makes Dr. Arnold's report less reliable.

Lastly, the ALJ pointed out Dr. Arnold did not prepare a detailed evaluation but instead completed the state's check-box psychological form. (Tr. 23.) An opinion on a check-box form or form reports which do not contain significant explanation of the basis for the conclusions may accorded little or no weight. *See Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996); *Johnson v. Chater*, 87 F.3d 1015, 1018 (9th Cir. 1996). Dr. Arnold did not attach a narrative explanation or office visit notes to the DSHS evaluation form, but he did explain the basis for each limitation assessed. (Tr. 464.) His explanations mentioned results of the mental status exam and personal observations. (Tr. 464.)

Because this matter is remanded for reconsideration of other medical opinions, the court need not determine whether the ALJ erred in assessing Dr. Arnold's opinion. On remand, the ALJ should reconsider all of the psychological opinion evidence and obtain an opinion from a psychological expert if necessary.

**2.    Medical Opinions**

    **a. Dr. Bare and PA-C Ward**

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -10

      Plaintiff argues the ALJ failed to properly consider and reject the opinion of Dr. Bare and PA-C Ward. (ECF No. 15 at 19-20.) In February 2009, PA-C Ward examined plaintiff and completed a DSHS Physical Evaluation form.[3] (Tr. 416-19, 435-38.) Ms. Ward assessed benign hypertension, depression, dysmetabolic syndrome, reflux esophagitis, restless leg syndrome and sleep apnea. (Tr. 419, 437.) She assessed a marked interference with work-related activities due to depression and a moderate interference with work-related activities due to obesity and sleep apnea. (Tr. 437.) PA-C Ward opined plaintiff's work level is "severely limited," which is defined as unable to lift at least two pounds or unable to stand and/or walk. (Tr. 437.)

      The ALJ gave very little weight to the opinion signed by PA-C Ward and Dr. Bare because, "There are no objective clinical findings documented in the record that support the extensive limitations set forth by Ms. Ward and Dr. Bare." (Tr. 22-23.) An ALJ may discredit treating physicians' opinions that are unsupported by the record as a whole or by objective medical findings. *Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) Other factors relevant to evaluating any medical opinion include the amount of relevant evidence that supports the opinion, the quality of the explanation provided in the opinion, and the consistency of the medical opinion with the record as a whole. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1042 (9th Cir. 2007); *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007) The ALJ noted the "severely limited" assessment is not consistent with plaintiff's treatment records or x-ray images that note generally mild findings. (Tr. 22-23.) An x-ray of plaintiff's ankle revealed no acute findings, only evidence of the old healed fracture (Tr. 286, 498), and views of the lumbar spine, both

---

[3]Dr. Bare signed the DSHS Physical Evaluation form under the heading, "Releasing Authority/Supervising Professional's Signature." (Tr. 438.) There is no evidence that Dr. Bare personally examined plaintiff or that he intended to adopt PA-C Ward's opinion as his own. (Tr. 416-19, 435-38.) However, because the ALJ treated the opinion as the opinion of a physician rather than the opinion of a physician's assistant, or "other source," the court also considers the opinion as Dr. Bare's opinion. Thus, the ALJ must provide specific, legitimate reasons supported by substantial evidence in rejecting the opinion. It is also noted that plaintiff asserts the opinion of Dr. Bare and PA-C Ward is that of a treating physician, but the DSHS form was completed by Ms. Ward after her first visit with plaintiff. (Tr. 416.)

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -11

knees, left elbow, cervical spine, right shoulder, and chest were all essentially unremarkable. (Tr. 289, 346, 347, 384, 385, 483.) The ALJ also pointed out exam findings show minimal decreases in range of motion, full grip strength, and intact sensation. (Tr. 23, 354, 379, 388, 393.) Plaintiff's argument is focused on demonstrating there is evidence supporting various diagnoses in the record, many of which were found by the ALJ to be severe impairments. (ECF No. 15 at 19, Tr. 16-17.) However, the ALJ pointed out inconsistencies in the record and the severity of the limitations assessed by PA-C Ward and Dr. Bare. The ALJ's reasoning is supported by substantial evidence in the record and the ALJ did not err by rejecting the opinion of Dr. Bare and PA-C Ward.

### b. Other Medical Opinions

Plaintiff's assignment of error is unclear, but plaintiff seems to argue the ALJ improperly relied upon the opinions of non-examining physicians over the opinions of treating sources. (ECF No. 15 at 17-18.) The opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician. *Lester*, 81 F.3d at 831, citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 n.4 (9th Cir. 1990). However, the opinion of a non-examining physician may be accepted as substantial evidence if it is supported by other evidence in the record and is consistent with it. *Andrews*, 53 F.3d at 1043; *Lester*, 81 F.3d at 830-31. Cases have upheld the rejection of an examining or treating physician based on part on the testimony of a non-examining medical advisor; but those opinions have also included reasons to reject the opinions of examining and treating physicians that were independent of the non-examining doctor's opinion. *Lester*, 81 F.3d at 831, citing *Magallanes v. Bowen*, 881 F.2d 747, 751-55 (9th Cir. 1989) (reliance on laboratory test results, contrary reports from examining physicians and testimony from claimant that conflicted with treating physician's opinion); *Roberts v. Shalala*, 66 F.3d 179 (9th Cir. 1995) (rejection of examining psychologist's functional assessment which conflicted with his own written report and test results). Thus, case law requires not only an opinion from the consulting physician but also substantial evidence (more than a mere scintilla but less than a preponderance), independent of that opinion which supports the rejection of contrary conclusions by examining or treating physicians. *Andrews*, 53 F.3d at 1039.

The ALJ assigned limited weight to Dr. Opara's findings. (Tr. 22.) In August 2006, Dr. Opara examined plaintiff and diagnosed degenerative arthritis of the right ankle, GERD, inflammatory arthritis,

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -12

anxiety with depressed mood, obesity and restless leg syndrome by history. (Tr. 294.) Dr. Opara noted plaintiff is able to sit comfortably but it would be reasonable to limit lifting or carrying to 10 pounds frequently and 15 pounds occasionally. (Tr. 294.) He opined her musculoskeletal problems and depression are likely to be associated with moderate limitations in terms of being able to work in most job situations. (Tr. 295.) Dr. Opara also indicated plaintiff's depression and anxiety limit her ability to work in proximity to others or accept instructions and criticisms from supervisors. (Tr. 294-95.)

The ALJ concluded Dr. Opara's assessment of limitations is not consistent with his physical examination. (Tr. 22.) A medical opinion may be rejected by the ALJ if it contains inconsistencies. *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009). The ALJ observed Dr. Opara's assessment of limitations is inconsistent with his exam findings of normal range of motion and other benign findings in the record. (Tr. 22, 294.) The ALJ also pointed out Dr. Opara appeared to rely heavily on plaintiff's self-report of functioning in making his assessment. (Tr. 22, 291-92.) A physician's opinion may be rejected if it is based on a claimant's subjective complaints which were properly discounted. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001); *Fair*, 885 F.2d at 604. The ALJ's reasons for rejecting Dr. Opara's opinion are supported by substantial evidence and are not challenged by plaintiff. Thus, the ALJ did not err in rejecting Dr. Opara's opinion.

Plaintiff also suggests the ALJ by not adopting the opinion of Diane Beernink, a treating ARNP. Ms. Beernink. (ECF No. 15 at 18.) Ms. Beernink began seeing plaintiff in October 2006 and completed a DSHS Physical Evaluation form in October 2007. (Tr. 342-45, 391.) Ms. Beernink diagnosed insomnia/obstructive sleep apnea and neck/shoulder pain with occasional right arm numbness. (Tr. 344.) She opined plaintiff's ability to complete work-related activities was moderately limited by sleep apnea and assessed a sedentary work level. (Tr. 344.) The opinion of an "other source" such as an ARNP is given less weight than the opinion of an acceptable medical source such as a physician. 20 C.F.R. §§ 404.1527, 416.927; *Gomez v. Chater*, 74 F.3d 967, 970-71 (9th Cir. 1996). However, the ALJ is required to "consider observations by non-medical sources as to how an impairment affects a claimant's ability to work." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987). Pursuant to *Dodrill v. Shalala*, 12 F.3d 915 (9th Cir. 1993), an ALJ is obligated to give reasons germane to "other source" testimony before discounting it. The ALJ did not specifically assign weight to the opinion of Ms. Beernink, although her

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -13

records are noted throughout the ALJ's decision. (Tr. 17, 21, 23.) Even if the ALJ erred in failing to assign weight to the opinion of Ms. Beernink, the error is harmless. Ms. Beernink assessed plaintiff's work level as sedentary, and the ALJ noted the vocational expert testified there would be a broad range of light and sedentary unskilled work a hypothetical worker with plaintiff's limitations could perform. (Tr. 23.) As a result, even if Ms. Beernink's opinion was credited, the outcome would be the same.

The court concludes there is no error with respect to the ALJ's consideration of the medical evidence. However, because the ALJ erred in considering the psychological opinion evidence, the matter must be remanded.

**CONCLUSION**

The ALJ's decision is not supported by substantial evidence and free of legal error. On remand, the ALJ should reconsider the psychological opinion evidence, provide legally sufficient reasons for the weight assigned to all relevant opinions, and obtain the opinion of a psychological expert if appropriate.

Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 14)** is **GRANTED**. The matter is remanded to the Commissioner for additional proceedings pursuant to sentence four 42 U.S.C. 405(g).

2. Defendant's Motion for Summary Judgment **(Ct. Rec. 16)** is **DENIED**.

3. An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for plaintiff and defendant. Judgment shall be entered for plaintiff and the file shall be **CLOSED**.

DATED November 28, 2012

S/ JAMES P. HUTTON
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -14